IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOHN L. GUTIERREZ,

        Plaintiff,

vs.                                         Civ. No. 14-0539 MCA/SMV

FREEPORT McMORAN COPPER and
GOLD, INC., *et al.*,

        Defendants.

## **ORDER**

      This case comes before the Court upon Defendants Freeport-McMoRan Copper and Gold, Inc. and Freeport-McMoRan Chino Inc.'s, *Motion to Dismiss, or for Summary Judgment for Failure to State a Claim and to Timely Effect Service* [Doc. 21].

      Defendants argue that contrary to the allegations of Plaintiff's Amended Complaint [Doc. 14, ¶ 1], neither Defendants has ever employed Plaintiff.  Whether this argument has merit cannot be determined without examining matters outside the pleadings.  By operation of Fed. Civ. P. Rule 12(d), Defendants' motion, to the extent it asserts that Defendants are not the proper defendants, must be treated as a motion for summary judgment. And as a motion for summary judgment, it is premature.  The Court is inclined to afford Plaintiff  a reasonable opportunity to conduct discovery to sort out the relationships among the various Freeport-McMoRan entities.  *See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069-71 (10th Cir. 1998); *see generally* I Lindemann *et al.*,

1

*Employment Discrimination Law*, Ch. 21.I.A.3 (4th ed.).  The Court therefore denies

without prejudice Defendants' motion to the extent it asserts that Defendants are not the

proper defendants.

Defendants argue in the alternative that the Amended Complaint should be

dismissed due to Plaintiff's failure to accomplish service within the 120-day period

prescribed by Fed. Civ. P. Rule 4(m).  As Defendants point out, Plaintiff filed his

corrected Complaint on June 12, 2014, accomplishing service upon Defendant Freeport-

McMoRan Copper and Gold, Inc., on November 3, 2014, some 58 days outside the 120

day period prescribed in Rule 4(m).[1]

*Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), sets out the procedure for

evaluating a Rule 4(m) request for an extension of time to effect service:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff
> has shown good cause for the failure to timely effect service. . . . If good
> cause is shown, the plaintiff is entitled to a mandatory extension of time. If
> the plaintiff fails to show good cause, the district court must still consider
> whether a permissive extension of time may be warranted.  At that point the
> district court may in its discretion either dismiss the case without prejudice
> or extend the time for service.

*Id.* at 841.  In his first motion for an extension of time to effect service, Plaintiff argued

that good cause was present because Plaintiff was in Peru and Plaintiff's counsel was

having difficulty communicating with Plaintiff regarding payment for service of process

and the manner of service. [Doc. 5 at 2] In his second motion, Plaintiff argued that CT

Corporation's refusal to accept service for Defendant Brack (who was not its client),

---

[1]Defendant Freeport-McMoRan Chino Inc. was named as a defendant until Plaintiff's Amended Compliant, which
was filed on December 2, 2014. The summons on the amended complaint was served on Freeport-McMoRan Chino
Inc. on December 3, 2014, one day after Plaintiff filed his Amended Complaint.

constituted good cause.  [Doc. 10 at  2] In his third motion, Plaintiff argued that CT

Corporation's refusal to accept service for Defendant Freeport-McMoRan Copper and

Gold, Inc. (who also was not CT Corporation's client) constituted good cause. [Doc. 12 at

1] In each of his three motions, Plaintiff argued in the alternative that even if good cause

was not shown, the Court  may still grant the requested extension.   Judge Martinez

granted each of the motion by a text-only docket entry.  [Doc. 6, 11, 18]

    The Court considers it extremely unlikely that Judge Martinez found good cause

for the second and third extensions, which were necessitated by the utter neglect of

Plaintiff's counsel in attempting to serve  CT Corporation without first checking to

determine if CT Corporation was Defendants' appointed agent for acceptance of service of

process.  Whether the first extension was supported by good cause is a closer question.

The Court is inclined to the view that a diligent plaintiff would have made arrangements

for service of process prior to leaving for a foreign country, and that the failure of Plaintiff

and counsel to anticipate the normal course of litigation did not amount to good cause.

    Notwithstanding the absence of good cause, the Court concludes that Judge

Martinez did not abuse her discretion in authorizing the three extensions.   Two factors

stand out.  First, Defendants have not demonstrated even the slightest prejudice to their

ability to defend resulting from the delay in service.  *United States v. McLaughlin*, 470

F.3d 698 (7th Cir. 2006) ("When delay in service causes zero prejudice to the defendant or

third parties (or the court itself), the granting of extensions of time for service, whether

before or after the 120-day period has expired, cannot be an abuse of discretion.").

Second, the alternative of a dismissal technically without prejudice would as a practical

3

matter be a dismissal with prejudice of Plaintiff's discrimination claim, due to the expiration of the 90-day periods prescribed by 29 U.S.C. § 636(e) and 42 U.S.C. § 2000e-5(f)(1). *Scott v. Boeing Co.*, 48 Fed. Appx. 730, 731 (10th Cir. 2002) (citing and quoting *Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991)); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987). This circumstance further supports Judge Martinez's exercise of discretion in granting Plaintiff 58 additional days within which to effect service. *McLaughlin*, 470 F.3d at 701; *see also* Fed. Civ. P. Rule 4, Advisory Committee Notes to 1993 amendments.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendants Freeport-McMoRan Copper and Gold, Inc. and Freeport-McMoRan Chino Inc.'s, *Motion to Dismiss, or for Summary Judgment for Failure to State a Claim and to Timely Effect Service* [Doc. 21] is **denied**.

**So ordered this 1ˢᵗ day of June, 2015.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge